# Defendants' Letter to the Hon. Douglas E. Arpert dated November 15, 2017 and Exhibit 1 (ECF No. 65) FILED UNDER SEAL

# EXHIBIT 2

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky, Esquire
David C. Kistler, Esquire
Leigh Ann Buziak, Esquire
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Telephone: (609) 750-7700
Orlofsky@blankrome.com
Kistler@blankrome.com
LBuziak@blankrome.com

**MERCHANT & GOULD, P.C.**
Jeffrey S. Ward, Esquire (*Pro Hac Vice*)
Wendy M. Ward, Esquire (*Pro Hac Vice*)
Stephen R. Howe, Esquire (*Pro Hac Vice*)
10 East Doty Street, Suite 600
Madison, WI 53703
Telephone: (608) 280-6750
jward@merchantgould.com
wward@merchantgould.com
showe@merchantgould.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., and PAR STERILE PRODUCTS, LLC,<br><br>                    Plaintiffs,<br>  v.<br><br>QUVA PHARMA, INC., STUART HINCHEN, PETER JENKINS, and MIKE RUTKOWKSI,<br>                    Defendants. | Civil Action No. 17-6115 (MAS)(DEA) |

**<u>DEFENDANT QUVA'S ANSWERS AND OBJECTIONS TO PAR PHARMACEUTICAL, INC. AND PAR STERILE PRODUCTS LLC'S NOTICE OF DEPOSITION OF DEFENDANT QUVA PHARMA, INC. (EXPEDITED)</u>**

Defendant QuVa Pharma, Inc. ("QuVa" and "Defendant"), by and through its undersigned Counsel, provides objections and responses pursuant to the Federal Rules of Civil Procedure to Plaintiffs' Notice of Deposition of Defendant QuVa Pharma, Inc. (Expedited) as follows:

## GENERAL OBJECTIONS

Defendant incorporates by reference the General Objections stated in Defendant QuVa's Responses to Par Pharmaceutical, Inc. and Par Sterile Products LLC's First Request for Production of Documents (Expedited), served October 20, 2017.

## SPECIFIC OBJECTIONS AND ANSWERS

**TOPIC NO. 1**:

The work related to any Vasopressin Product that each of Stuart Hinchen, Peter Jenkins, David Short, Stephen Rhoades, Travis McGrady, David "Mike" Hartley, Guy Thompson, Mike Rutkowski, Ashley Short, Chinnasamy Subramaniam, Ahmed Soliman, and Donna Kohut has performed or supervised since joining QuVa.

**RESPONSE**:

Defendant incorporates its General Objections as if fully stated herein. Defendant further objects to this Topic to the extent it calls for testimony protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Defendant further objects to this Interrogatory as vague and ambiguous with respect to "work related to any Vasopressin Product." Defendant further objects to this Topic to the extent it seeks information relating to QuVa's confidential business information concerning its compounded vasopressin product, including, but not limited to, QuVa's decision to develop any product, forecasts, business plans, supplier information, customer information, launch timing, revenue projections and/or cost of materials. Subject to and without waiving these objections, QuVa will designate one or more persons to testify regarding the non-objectionable aspects of this Topic, to the extent QuVa has

such information or such information is reasonably available to it.

**TOPIC NO. 2**:

The positions and responsibilities of Stuart Hinchen, Peter Jenkins, David Short, Stephen Rhoades, Travis McGrady, David "Mike" Hartley, Guy Thompson, Mike Rutkowski, Ashley Short, Chinnasamy Subramaniam, Ahmed Soliman, and Donna Kohut since joining QuVa.

**RESPONSE**:

QuVa incorporates its General Objections as if fully stated herein. Subject to and without waiving these objections, QuVa will designate one or more persons to testify regarding the non-objectionable aspects of this Topic, to the extent QuVa has such information or such information is reasonably available to it.

**TOPIC NO. 3**:

The identity of each QuVa's Vasopressin Product, the work that QuVa has performed to date on that product, the decision to develop that product, and QuVa's launch timing and business plan regarding that product that refer to Par or any Par Products.

**RESPONSE**:

QuVa incorporates its General Objections as if fully stated herein. Defendant further objects to this Interrogatory as vague and ambiguous with respect to "the identity of each QuVa's Vasopressin Product" and with respect to "work that QuVa has performed." Defendant further objects to this Topic to the extent it seeks information relating to QuVa's confidential business information concerning its compounded vasopressin product, including, but not limited to, QuVa's decision to develop any product, forecasts, business plans, supplier information, customer information, launch timing, revenue projections and/or cost of materials. Subject to and without waiving these objections, QuVa will designate one or more persons to testify regarding the non-objectionable aspects of this Topic, to the extent QuVa has such information or such

information is reasonably available to it.

**TOPIC NO. 4**:

The conception, development, testing, validation, quality control measures, and manufacture of any QuVa Vasopressin Product, including that product's formulation, composition, and characteristics.

**RESPONSE**:

QuVa incorporates its General Objections as if fully stated herein. Defendant further objects to this Interrogatory as vague and ambiguous with respect to "conception" of any QuVa Vasopressin Product and with respect to "characteristics" of any QuVa Vasopressin Product. Defendant further objects to this Topic to the extent it seeks information relating to QuVa's confidential business information concerning its compounded vasopressin product, including, but not limited to, QuVa's decision to develop any product, forecasts, business plans, supplier information, customer information, launch timing, revenue projections and/or cost of materials. Subject to and without waiving these objections, QuVa will designate one or more persons to testify regarding the non-objectionable aspects of this Topic, to the extent QuVa has such information or such information is reasonably available to it.

**TOPIC NO. 5**:

QuVa's possession, transfer, use, deletion, or preservation related to any non-public documents or other information that originated from Par, including all documents listed in Figures 4, 7, 8, 13, and 14 of the Declaration of Brian Harris in Support of Plaintiffs' Application for an Order to Show Cause Why Expedited Discovery and a Scheduling Order Should Not Be Required. (Dkt. No. 12-7.).

**RESPONSE**:

QuVa incorporates its General Objections as if fully stated herein. QuVa further objects

to this Topic to the extent that it is vague and/or ambiguous and/or calls for a legal conclusion with respect to whether a document or information is "non-public" or whether it "originated from Par." Subject to and without waiving these objections, QuVa will designate one or more persons to testify regarding the non-objectionable aspects of this Topic, to the extent QuVa has such information or such information is reasonably available to it.

**TOPIC NO. 6**:

QuVa's recruitment, interviewing, and/or hiring of David Short, Stephen Rhoades, Travis McGrady, David "Mike" Hartley, Guy Thompson, Mike Rutkowski, Ashley Short, Chinnasamy Subramaniam, Ahmed Soliman, and Donna Kohut.

**RESPONSE**:

QuVa incorporates its General Objections as if fully stated herein. QuVa further objects that it has not agreed to provide expedited discovery solely relevant to Par's allegations of employee solicitation in the expedited phase of discovery. Topic Number 6 relates to Par's allegations of improper employee solicitation and therefore will not be addressed during expedited discovery in this matter, as has been previously communicated. QuVa does not intend to provide a witness for this Topic.

**TOPIC NO. 7**:

Any testing, evaluation, or analysis of Par's products, including but not limited to Vasostrict®.

**RESPONSE**:

QuVa incorporates its General Objections as if fully stated herein. Defendant further objects to this Interrogatory as vague and ambiguous with respect to "testing, evaluation, or analysis" and as overbroad with respect to "Par's products." Subject to and without waiving

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

these objections, QuVa will designate one or more persons to testify regarding the testing, evaluation, or analysis of Par's Vasostrict® products, to the extent QuVa has such information or such information is reasonably available to it.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

|  |  |
|---|---|
| | **BLANK ROME LLP** |
| | *A Pennsylvania LLP* |
| Dated: October 20, 2017 | /s/   Leigh Ann Buziak |
| | Stephen M. Orlofsky, Esquire |
| | David C. Kistler, Esquire |
| | Leigh Ann Buziak, Esquire |
| | 301 Carnegie Center, 3rd Floor |
| | Princeton, NJ  08540 |
| | Tel.:  (609) 750-7700 |
| | Fax:  (609) 750-7701 |
| | Email:  Orlofsky@blankrome.com |
| | Kistler@blankrome.com |
| | LBuziak@blankrome.com |
| | **MERCHANT & GOULD, P.C.** |
| | Jeffrey S. Ward, Esquire (Pro Hac Vice) |
| | Wendy M. Ward, Esquire (Pro Hac Vice) |
| | Stephen R. Howe, Esquire (Pro Hac Vice) |
| | 10 East Doty Street, Suite 600 |
| | Madison, WI  53703 |
| | Tel.:  (608) 280-6750 |
| | Email:  jward@merchantgould.com |
| | wward@merchantgould.com |
| | showe@merchantgould.com |
| | *Attorneys for Defendants,* |
| | *QuVa Pharma, Inc., Stuart Hinchen,* |
| | *Peter Jenkins, and Mike Rutkowski* |

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

## PROOF OF SERVICE

I, Stephen R. Howe, Esquire, hereby certify that on this 20th day of October 2017, I caused a true and correct copy of the foregoing to be served, via email upon the following:

Lawrence S. Lustberg, Esquire
Daniel J. McGrady, Esquire
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310

Daniel M. Petrocelli, Esquire
Brett J. Williamson, Esquire
Jeffrey A. Barker, Esquire
David S. Almeling, Esquire
**O'MELVENY & MYERS LLP**
Time Square Tower
7 Times Square
New York, NY  10036

*Attorneys for Plaintiffs,*
*Par Pharmaceutical, Inc. and Par Sterile Products, LLC*

STEPHEN R. HOWE