**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky, Esquire
David C. Kistler, Esquire
Leigh Ann Buziak, Esquire
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Telephone: (609) 750-7700
Facsimile: (609) 750-7701
Orlofsky@blankrome.com
Kistler@blankrome.com
LBuziak@blankrome.com
*Attorneys for Defendants*

**MERCHANT & GOULD P.C.**
Jeffrey S. Ward (*admitted pro hac vice*)
Wendy M. Ward (*admitted pro hac vice*)
Stephen R. Howe (*admitted pro hac vice*)
Emily M. Wessels (*pro hac vice pending*)
10 E. Doty Street, Suite 600
Madison, WI  53703
Telephone:  (608) 280-6751
Facsimile:  (612) 332-9081
JWard@MerchantGould.com
WWard@MerchantGould.com
SHowe@MerchantGould.com
EWessels@MerchantGould.com
*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., and PAR STERILE PRODUCTS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>QUVA PHARMA, INC., STUART HINCHEN, PETER JENKINS, and MIKE RUTKOWSKI,<br><br>Defendants. | Civil Action No. 3:17-cv-06115-BRM-DEA<br><br>*Filed Electronically* |

### DECLARATION OF STEPHEN R. HOWE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO FILE FIRST AMENDED COMPLAINT PURSUANT TO LOCAL CIVIL RULE 15.1

1

I, Stephen R. Howe, Esq., declare as follows:

1.      I am an attorney-at-law and associate at the law firm Merchant & Gould, P.C.

2.      I am admitted to practice in the states of Illinois and Wisconsin.

3.      I am making this declaration in support of QuVa's Opposition To Plaintiffs' Motion to File First Amended Complaint Pursuant to Local Civil Rule 15.1.

4.      Attached hereto as Exhibit A is a true and correct copy of Plaintiffs Par Pharmaceutical, Inc. and Par Sterile Products, LLC's Responses to Defendants' First Set of Interrogatories (Expedited), dated October 20, 2017.

5.      Attached hereto as Exhibit B is a true and correct copy of Defendant QuVa's Responses to Par Pharmaceutical, Inc. and Par Sterile Products LLC's First Requests for Production of Documents (1-7) (Expedited), dated October 20, 2017.

6.      Attached hereto as Exhibit C is a true and correct copy of the document containing bates numbers Par-0001805-07 as produced by Par in this litigation.

1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2017.

_____

Stephen R. Howe, Esq.

# EXHIBIT A
# FILED UNDER SEAL

# EXHIBIT B

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky, Esquire
David C. Kistler, Esquire
Leigh Ann Buziak, Esquire
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540
Telephone: (609) 750-7700
Orlofsky@blankrome.com
Kistler@blankrome.com
LBuziak@blankrome.com

**MERCHANT & GOULD, P.C.**
Jeffrey S. Ward, Esquire (*Pro Hac Vice*)
Wendy M. Ward, Esquire (*Pro Hac Vice*)
Stephen R. Howe, Esquire (*Pro Hac Vice*)
10 East Doty Street, Suite 600
Madison, WI 53703
Telephone: (608) 280-6750
jward@merchantgould.com
wward@merchantgould.com
showe@merchantgould.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., and PAR STERILE PRODUCTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> QUVA PHARMA, INC., STUART HINCHEN, PETER JENKINS, and MIKE RUTKOWKSI, <br><br> Defendants. | Civil Action No. 17-6115 (MAS)(DEA) |

**DEFENDANT QUVA'S RESPONSES TO PAR PHARMACEUTICAL, INC. AND PAR STERILE PRODUCTS LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS (1-7) (EXPEDITED)**

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

Defendant QuVa Pharma LLC ("QuVa" and "Defendant"), by and through its undersigned Counsel, provides objections and responses pursuant to the Federal Rules of Civil Procedure to Plaintiffs' First Request for Production of Documents (1-7) (Expedited) as follows:

## GENERAL OBJECTIONS

The following General Objections apply to and are incorporated in each individual Response, whether or not expressly incorporated by reference in such Answer.

1.      Defendant objects to any discovery directed at information protected by the attorney-client privilege, the attorney work-product doctrine, the settlement privilege, the insured-insurer privilege, and any other applicable privilege.  By responding to these requests, Defendant expressly reserves the right to shield from discovery such information without prejudice thereto.  Any inadvertent disclosure shall not be deemed to constitute a waiver of any privilege.  Defendant also objects to responding to any discovery that concerns trial preparation materials in this case, or any other case, including communications between Defendant and its counsel.

2.      Defendant objects to discovery that is not proportional to the needs of the case and/or is not reasonably calculated to lead to the discovery of admissible evidence.

3.      Defendant objects to discovery that is overly broad, vague and ambiguous, and not subject to reasonable limitation in time or scope.  Defendant a further objects to discovery that does not permit the identification of documents, subjects, and time frame with sufficient particularity to permit a reasonable response.

4.      Defendant objects to each request on the grounds that they are oppressive, unduly burdensome, and would cause unreasonable annoyance, embarrassment, oppression, burden and/or expense to Defendant.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

5.      Defendant objects to any discovery that calls for a legal conclusion.

6.      Defendant objects to any discovery where disputed issues are assumed to be resolved and the discovery is phrased in an argumentative, prejudicial or improper fashion.

7.      Defendant objects to any discovery that requests information in the public domain or information for which the burden of deriving the information requested is substantially the same for Par as for Defendant.

8.      Defendant objects to any discovery request to the extent that discovery has not closed in this case and there may be additional facts and/or information developed that may be responsive to these discovery requests.  Discovery in this case is ongoing, and Defendant raises and asserts a standing objection to any request whose answer may presuppose the existence of facts yet to be discovered, ascertained or verified and/or which may serve as a basis for any claim, allegation, and/or defense asserted by or to be asserted by Defendant.  Defendant reserves the right to augment, develop, supplement and/or qualify its responses/answers to the subject discovery as discovery proceeds in this action, and/or if necessary or required pursuant to the Federal Rules of Civil Procedure.

9.      Defendant objects to each request insofar as it purports to impose any obligation exceeding those contemplated by the Federal Rules of Civil Procedure. The answers set forth herein are provided entirely within the meaning of those rules.

10.     Defendant objects to each discovery request to the extent it seeks information that is not in the possession, custody or control of Defendant or its agents.

11.     Defendant objects to each request on the grounds that they seek documents and/or information that are already in Par's possession, custody or control or were created by Par.

12.     Defendant objects to each request to the extent it seeks discovery of information that is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive.

13.     Each of these General Objections is incorporated into each and every response as though fully set forth in addition to any specific objection stated.  Each of the answers is incorporated into each and every response as though fully set forth in addition to any other answers stated, in each instance to the extent responsive to the request.

14.     Defendant further objects to the Definitions and Instructions to the extent they require collection and production of electronically stored information in any manner more burdensome than that which is required by the Federal Rules of Civil Procedure and the Local Rules for the District of New Jersey.

15.     Defendant further objects the definitions of "communication," "document," and "thing" to the extent they refer to anything other than email correspondence, documents, memoranda, spreadsheets, notebooks, meeting minutes, written correspondence, records, files, or other readily accessible material stored on Defendant's computers, network servers at QuVa, and email accounts.

16.     Defendant further objects to the Definitions and Instructions to the extent they seek to require Defendant to produce a privilege log contemporaneously with its production of documents and materials. Counsel for Defendant will confer with counsel for Par to discuss a mutually agreeable time to exchange privilege logs.

17.     Defendant's responses set forth below and/or production in connection therewith in no way limit the generality of the foregoing General Objections and are not to be construed as a waiver of any claim of privilege or immunity Defendant may have as to any response,

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

document or thing; any of the foregoing General Objections or the specific objections stated in the following responses; or Defendant's right to object to any additional, supplemental, or further discovery request of Par.

18.     Defendant has responded to the Requests based upon its understanding of the Requests and to the best of its knowledge and recollection as of the date the responses are served. All documents and information produced by Defendant in response to these Requests are produced without waiver of Defendant's right to supplement its production as responsive information becomes available.

19.     Any statement by Defendant in any of the following responses to Par's Requests that it will produce responsive documents is only a statement that any such documents that can be located after a reasonable search will be produced, made available for inspection, or, if privilege is asserted, listed on a privilege log. Such a statement is not a representation that any such responsive documents exist.

20.     All documents produced by Defendant in connection with Defendant's responses to Par's Requests are produced without waiver of, or prejudice to, any challenge by Defendant to the relevancy or admissibility of such documents in this case.

21.     The General Objections set forth above are made as to the matters that are clearly objectionable from the face of the Requests. These objections are made without prejudice to and without waiver of Defendant's right to object on all appropriate grounds to the specific information sought by each Request.

22.     By responding to these requests, Defendant expressly reserves the right to shield from discovery such information without prejudice thereto. Any inadvertent disclosure shall not be deemed to constitute a waiver of any privilege.

23.     By responding to and/or producing material in response to a request, Defendant is in no way adopting the terminology or description of such documents contained in the request, nor is it making any assertion regarding the nature of any document produced pursuant to the request.

24.     The use of any confidentiality designation pursuant to the Discovery Confidentiality Order entered in this case is not an admission by Defendant that such material constitutes confidential or proprietary information, or that such material qualifies as a trade secret.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

All documents relating to the testing of all of QuVa's vasopressin Products "by pre-defined test plan to meet USP specifications for identification, potency, and endotoxin," as described in QuVa's letter to the FDA nominating vasopressin for inclusion in the list of Bulk Drug Substances Under Section 503B of the FDCA.

**RESPONSE:**

Defendant incorporates its General Objections as if fully stated herein. Defendant further objects to this Request to the extent it calls for material protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Defendant further objects to this Request to the extent the discovery sought is unreasonably cumulative or duplicative of other discovery sought from Defendant or other parties. Defendant further objects that it has not agreed to, nor will it produce, any documents relating to QuVa's confidential business information concerning its compounded vasopressin product, including, but not limited to, QuVa's decision to develop any product, forecasts, business plans, supplier information, customer information, launch timing, revenue projections and/or cost of materials. Subject to and without waiving these objections, Defendant will produce responsive, non-cumulative, non-

privileged documents in its custody or control to the extent such documents exist and can be located after a reasonable search.

**REQUEST NO. 2:**

All documents related to the conception, development, testing, validation, quality control measures, and manufacture of any QuVa Vasopressin Product, including that product's formulation, composition, and characteristics.

**RESPONSE:**

Defendant incorporates its General Objections as if fully stated herein. Defendant further objects to this Request to the extent it calls for material protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Defendant further objects to this Request to the extent the discovery sought is unreasonably cumulative or duplicative of other discovery sought from Defendant or other parties. Defendant further objects that it has not agreed to, nor will it produce, any documents relating to QuVa's confidential business information concerning its compounded vasopressin product, including, but not limited to, QuVa's decision to develop any product, forecasts, business plans, supplier information, customer information, launch timing, revenue projections and/or cost of materials. Subject to and without waiving these objections, Defendant will produce responsive, non-cumulative, non-privileged documents in its custody or control to the extent such documents exist and can be located after a reasonable search.

**REQUEST NO. 3:**

All documents regarding Vasostrict®, including but not limited to QuVa's testing of Vasostrict® and/or comparisons of any of QuVa's Vasopressin Products to Vasostrict®.

**RESPONSE:**

Defendant incorporates its General Objections as if fully stated herein. Defendant further

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

objects to this Request to the extent it calls for material protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Defendant further objects to this Request to the extent the discovery sought is unreasonably cumulative or duplicative of other discovery sought from Defendant or other parties. Defendant further objects that it has not agreed to, nor will it produce, any relating to QuVa's confidential business information concerning its compounded vasopressin product, including, but not limited to, QuVa's decision to develop any product, forecasts, business plans, supplier information, customer information, launch timing, revenue projections and/or cost of materials. Subject to and without waiving these objections, Defendant will produce responsive, non-cumulative, non-privileged documents in its custody or control to the extent such documents exist and can be located after a reasonable search.

**REQUEST NO. 4:**

All documents that constitute, use, disclose, and/or reference, in whole or in part, any non-public information that originated from Par.

**RESPONSE:**

Defendant incorporates its General Objections as if fully stated herein. Defendant further objects to this Request to the extent it calls for material protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Defendant further objects to this Request to the extent the discovery sought is unreasonably cumulative or duplicative of other discovery sought from Defendant or other parties. Defendant further objects to this Request to the extent that it calls for a legal conclusion. Subject to and without waiving these objections, Defendant will produce non-cumulative, non-privileged documents in its custody or control to the extent such documents exist and can be located after a reasonable search. By producing

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

material pursuant to this request, Defendant does not make any representation regarding whether such material is "non-public," or whether it "originated from Par."


**REQUEST NO. 5:**

 All documents relating to work that Stuart Hinchen, Peter Jenkins, David Short, Stephen Rhoades, Travis McGrady, David "Mike" Hartley, Guy Thompson, Mike Rutkowski, Ashley Short, Chinnasamy Subramaniam, Ahmed Soliman, and/or Donna Kohut have done relating to any Vasopressin Product.

**RESPONSE:**

 Defendant incorporates its General Objections as if fully stated herein. Defendant further objects to this Request to the extent it calls for material protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Defendant further objects to this Request to the extent the discovery sought is unreasonably cumulative or duplicative of other discovery sought from Defendant or other parties. Defendant further objects that it has not agreed to search for, nor will it produce, any documents relating to QuVa's confidential business information concerning its compounded vasopressin product, including, but not limited to, QuVa's decision to develop any product, forecasts, business plans, supplier information, customer information, launch timing, revenue projections and/or cost of materials. Subject to and without waiving these objections, Defendant will produce responsive, non-cumulative, non-privileged documents in its custody or control to the extent such documents exist and can be located after a reasonable search.


**REQUEST NO. 6:**

 All communications between You and Stuart Hinchen, Peter Jenkins, David Short, Stephen Rhoades, Travis McGrady, David "Mike" Hartley, Guy Thompson, Mike Rutkowski, Ashley Short, Chinnasamy Subramaniam, Ahmed Soliman, and/or Donna Kohut regarding

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

QuVa's potential employment of such person.

**RESPONSE:**

Defendant incorporates its General Objections as if fully stated herein. Defendant further objects to this Request to the extent it calls for material protected by the attorney-client privilege, work-product immunity, or any other privilege or immunity. Defendant further objects that it has not agreed to search for, nor will it produce, any documents solely relevant to Par's allegations of employee solicitation in the expedited phase of discovery. Subject to these objections, Defendant states that no documents will be produced pursuant to this request at this time.

**REQUEST NO. 7:**

All documents identified in Your response to the Plaintiffs Par Pharmaceutical, Inc. and Par Sterile Products, LLC's First Set of Interrogatories To QuVa.

**RESPONSE:**

Defendant incorporates its General Objections as if fully stated herein. Defendant further incorporates the specific objections stated in response to each Interrogatory as if fully stated herein. Subject to and without waiving these objections, Defendant will produce responsive, non-cumulative, non-privileged documents in its custody or control to the extent they exist and can be located after a reasonable search.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

**BLANK ROME LLP**
*A Pennsylvania LLP*


Dated:  October 20, 2017

/s/    Leigh Ann Buziak
Stephen M. Orlofsky, Esquire
David C. Kistler, Esquire
Leigh Ann Buziak, Esquire
301 Carnegie Center, 3rd Floor
Princeton, NJ  08540
Tel.:  (609) 750-7700
Fax:  (609) 750-7701
Email:  Orlofsky@blankrome.com
          Kistler@blankrome.com
          LBuziak@blankrome.com

**MERCHANT & GOULD, P.C.**
Jeffrey S. Ward, Esquire (Pro Hac Vice)
Wendy M. Ward, Esquire (Pro Hac Vice)
Stephen R. Howe, Esquire (Pro Hac Vice)
10 East Doty Street, Suite 600
Madison, WI  53703
Tel.:  (608) 280-6750
Email:  jward@merchantgould.com
          wward@merchantgould.com
          showe@merchantgould.com

*Attorneys for Defendants,*
*QuVa Pharma, Inc., Stuart Hinchen,*
*Peter Jenkins, and Mike Rutkowski*

HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

## PROOF OF SERVICE

I, Stephen R. Howe, Esquire, hereby certify that on this 20th day of October 2017, I caused a true and correct copy of the foregoing to be served, via email upon the following:

Lawrence S. Lustberg, Esquire
Daniel J. McGrady, Esquire
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310

Daniel M. Petrocelli, Esquire
Brett J. Williamson, Esquire
Jeffrey A. Barker, Esquire
David S. Almeling, Esquire
**O'MELVENY & MYERS LLP**
Time Square Tower
7 Times Square
New York, NY  10036

*Attorneys for Plaintiffs,*
*Par Pharmaceutical, Inc. and Par Sterile Products, LLC*

Stephen R. Howe

# EXHIBIT C



## TRADE SECRET, NON-DISCLOSURE AND
## RESTRICTIVE COVENANT AGREEMENT

In consideration of your continuing employment by Par Pharmaceutical, Inc. or any of its affiliates (collectively, "Par"), you agree as follows:

1.       As part of your employment at Par, you acknowledge that you have had and will continue to have access to Par's confidential and trade secret information, including formulas, formulations, processes, methods of manufacture, research and development including protocols and/or records, results, data, product pricing information, financial information, product pricing, marketing information, and the identify of customers including customer lists ("Par's Proprietary Information"), and that such information is of a confidential and secret character and is vital to the continued success of Par's business.  You further acknowledge that, in order to guard the legitimate interest of Par in such information, it is necessary to Par to protect such information by holding it secret and confidential.

2.       Prior to your employment with Par, you may have been employed by one or more companies or organizations that are not affiliated with Par (each, a "Former Employer").

        a.       During your employment with any Former Employer, you may have learned or acquired knowledge about such Former Employer's confidential and secret information, including without limitation  formulas, formulations, processes, methods of manufacture, research and development including protocols and/or records, results, data, product pricing information, financial information, product pricing, marketing information, and the identify of customers including customer lists ("Former Employer's Proprietary Information").  You agree that upon termination of your employment with such Former Employer, you delivered to such Former Employer all property that you were obligated to return.  To guard the legitimate interest of Par, you agree that you have not and will not divulge to anyone at Par, nor use for any purpose whatsoever, including your required duties here at Par, any Former Employer's Proprietary Information or any other non-public information of any Former Employer which information you know or reasonably believe is such Former Employer's Proprietary Information or non-public information of such Former Employer.

        b.       During your employment with any Former Employer, you may have signed agreements related to the Former Employer's Proprietary Information and/or non-competition.  You acknowledge and represent that you have disclosed to Par any and all such agreements.  You represent that any agreement you may have with any Former Employer does not prevent you from being employed by Par provided you abide by the terms of your agreement(s).  You

Rev. 01/2015
Existing Employees
Page 1 of 3

CONFIDENTIAL

agree strictly to comply with all of the terms of any such agreement(s). You further represent that you have not signed any non-competition or other contract that prohibits you from being employed by Par or assigning right, title, and interest in Work Product to Par as per paragraph 4 below.

3.     You agree that during your employment with Par and at all times thereafter, regardless of the reason for your termination of employment, you will use Par's Proprietary Information solely in the course of your duties for Par and solely for the benefit of Par and not for any other purpose whatsoever, whether or not such Par Proprietary Information is produced by your own efforts. You agree not to divulge, disclose, or communicate to anyone or any entity, directly or indirectly either during or after the termination of your employment with Par, any of Par's Proprietary Information, and agree not to use Par's Proprietary Information in your required duties for any subsequent employer. Upon the termination of your employment, or upon request, you agree forthwith to deliver to Par all of Par's property in your possession or under your custody and control, and all notebooks, documents, records and other data or information in whatever form and on whatever media that pertain to Par's Proprietary information. You further agree not to retain any copies, in any format, of those materials.

4.     You agree that Par shall own all ideas, inventions, methods, know-how, discoveries, processes, works of authorship, designs, analyses, drawings, reports, trademarks, service marks, slogans, logos, trade dress, and technical or business innovations, including computer software that: (i) were made or conceived by you during the period of your employment (whether or not during regular working hours); and/or (ii) arose out of or with the use of Par facilities, equipment, supplies, funds, financing, materials, Par's Proprietary Information, or personnel (either solely or jointly, whether during the period of your employment or at any time thereafter) ("Work Product"). You further agree that you shall exclusively grant to Par all royalty rights to such Work Product and hereby irrevocably assign to Par all proprietary rights therein, based thereon, or related thereto (including, but not limited to, applications for United States and foreign letters patent and resulting letters patent, all other forms of registered or otherwise enforceable intellectual property, supplementary protection certificates, inchoate patent rights, know-how, and trade secrets). Further, at Par's request and expense, you shall execute such documents and provide such assistance as may be deemed necessary by Par to have assigned, apply for, defend, or enforce any United States and foreign letters patent or any and all other registered or otherwise enforceable intellectual property or confidential or proprietary information based on or related to such inventions. Finally, unless expressly set forth in detail and in an attachment hereto, you waive any and all rights to claim that any Work Product has been made, acquired, conceived, or reduced to practice prior to your employment by Par and are therefore not subject to the terms and conditions of this Agreement.

5.     You agree that, for a period of one (1) year following termination of your employment with Par for any reason, voluntary or involuntary, with or without cause (or following the entry of judgment in a court of competent jurisdiction enforcing Par's rights hereunder), you shall not directly or indirectly (i) interfere with Par's employees; (2) solicit, induce, encourage or attempt to solicit, induce or encourage any employee of Par to leave his/her employment with Par; or (3)

Rev. 01/2015
Existing Employees
Page 2 of 3

CONFIDENTIAL

hire, attempt to hire, assist in the hire or, or attempt to assist in the hire of an employee of Par. You agree that the temporal restrictions set forth in this Section are fair and are reasonably required to protect Par's legitimate business interests.

6.      You acknowledge that your failure to abide by this Agreement will result in immediate and irreparable damage to Par, will entitle Par to injunctive relief from a court having appropriate jurisdiction, and is grounds for immediate termination of your employment with Par.  In the event that Par seeks injunctive relief hereunder and is successful in obtaining such relief, you agree to pay any and all court costs, filing fees, discovery expenses, and reasonable attorney's fees incurred by Par in enforcing its rights hereunder.

7.      You agree that this Agreement will be interpreted and construed in accordance with the laws of the State of New York, without applying New York's choice of law provisions.  Should any portion of this Agreement by judicially held to be invalid, unenforceable or void, such holding(s) shall not have the effect of invalidating or voiding the remainder of this Agreement.

8.      This Agreement constitutes the entire agreement and understanding between the parties with respect to the subject matters herein and supersedes all prior oral or written agreements, negotiations, and understandings relating to the subject matters herein.  If, however, it is determined by a court or other competent authority that the terms of paragraph 4 do not apply to particular ideas, inventions, etc., the most recently executed agreement related to the subject matter herein shall govern.  No statement, representation, warranty, covenant or agreement of any kind not expressly set forth in this Agreement shall affect, or be used to interpret, change or restrict, the express terms and provisions of this Agreement.

The undersigned employee acknowledges reading, understanding, agreeing to and receiving a signed copy of this Agreement.

March 2, 2015
Date

_[signature]_
Company Officer or Witness

Donna M Kohut
Employee Name

_[signature]_ Donna M Kohut
Employee Signature

PSO Consultant/Contractor
Department Name and Number

Rev. 01/2015
Existing Employees
Page 3 of 3

CONFIDENTIAL

Par-0001807