**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky, Esquire
David C. Kistler, Esquire
*New Jersey Resident Partner:*
Leigh Ann Buziak, Esquire
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-7700
Facsimile: (609) 750-7701
Orlofsky@blankrome.com
Kistler@blankrome.com
LBuziak@blankrome.com

*Attorneys for Defendants QuVa
Pharma, Inc., Stuart Hinchen, Peter
Jenkins, Mike Rutkowski, Donna
Kohut, David Short, Travis
McGrady, and David Hartley*

**GREEN GRIFFITH & BORG-BREEN LLP**
Jeffrey S. Ward (*admitted pro hac vice*)
Wendy M. Ward (*admitted pro hac vice*)
8383 Greenway Blvd., Suite 600
Middleton, WI  53562
Telephone: (312) 883-8060
JWard@GreenGriffith.com
WWard@GreenGriffith.com

Emer Simic (*admitted pro hac vice*)
City Place
676 North Michigan Avenue, Suite 3900
Chicago, IL 60611
Telephone: (312) 883-8000
ESimic@GreenGriffith.com

*Of Counsel for Defendants QuVa Pharma, Inc.,
Stuart Hinchen, Peter Jenkins, Mike Rutkowski,
Donna Kohut, David Short, Travis McGrady,
and David Hartley*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

PAR PHARMACEUTICAL, INC., and
PAR STERILE PRODUCTS, LLC,

                     Plaintiffs,

    v.

QUVA PHARMA, INC., STUART
HINCHEN, PETER JENKINS, MIKE
RUTKOWKSI, DONNA KOHUT,
DAVID SHORT, STEPHEN
RHOADES, TRAVIS McGRADY, and
DAVID HARTLEY,

                     Defendants.

Case No. 17-6115

Motion Return Date: See Dkt. No. 207

**<u>HIGHLY CONFIDENTIAL – FILED
UNDER SEAL</u>**

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
## THE FIRST AMENDED COMPLAINT AGAINST DONNA KOHUT,
## TRAVIS McGRADY, DAVID HARTLEY, AND DAVID SHORT

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................1

II.  ARGUMENT.....................................................................................2

   A.  The Added Defendants Have Not Purposefully Directed Any
       Activities at New Jersey or Purposefully Availed Themselves
       of the Benefits of New Jersey Law in Their Individual
       Capacities ...............................................................................2

       1.  Actions taken by QuVa do not provide specific
           jurisdiction over the Added Defendants ...............................2

       2.  Actions taken by the Added Defendants at the direction
           of QuVa and within the scope of their employment do
           not provide specific personal jurisdiction................................3

       3.  Par's "corporate shield" argument fails .....................................8

   B.  The Merits of Par's Case Have No Bearing on the Question of
       Specific Jurisdiction ................................................................13

   C.  Jurisdictional Discovery Is Not Warranted .........................................14

III. CONCLUSION..................................................................................15

145867.00601/108161745v.1

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Acteon, Inc. v. Vista Dental Products*,
    No. 05-3847, 2006 WL 1207999 (D.N.J. May 3, 2006) .............................. 11, 12

*Bangura v. Pennrose Mgmt. Co.*,
    No. 09-4017, 2010 WL 2539419 (D.N.J. June 15, 2010) ................................5, 7

*Brown & Brown, Inc. v. Cola*,
    745 F. Supp. 2d 588 (E.D. Pa. 2010)...................................................... 11, 12, 13

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ....................................................................................3, 6

*Cerciello v. Canale*,
    563 F. App'x 924 (3d Cir. 2014).........................................................................10

*Flaghouse, Inc. v. ProSource Development, Inc.*,
    528 F. App'x 186 (3d Cir. 2013).........................................................................10

*Goodman v. Goodman*,
    No. 04-03869, 2010 WL 892156 (D.N.J. Mar. 5, 2010)..................................5, 7

*IMO Indus., Inc. v. Kiekert*,
    155 F.3d 254 (3d Cir. 1998) ...........................................................................7, 8

*Keeton v. Hustler Magazine, Inc.*,
    465 U.S. 770 (1984) .........................................................................................3

*Knierim v. Siemens Corp.*,
    No. 06-cv-4935, 2008 WL 906244 (D.N.J. Mar. 31, 2008)........................ 5, 7, 14

*Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*,
    107 F.3d 1026 (3d Cir. 1997) ...........................................................................14

*MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.*,
    65 F. App'x 844 (3d Cir. 2003)........................................................................5, 6

*Rakoff v. St. Clair, CPAS, P.C.*,
    No. 12-5996, 2013 WL 1007330 (D.N.J. Mar. 12, 2013)....................................15

145867.00601/108161745v.1

*Schley v. Microsoft Corp.*,
   No. 08-3589, 2008 WL 5075266 (D.N.J. Nov. 24, 2008) ........................... 11, 12

*Selmani v. Kline*,
   No. 16-264, 2016 WL 5339574 (D.N.J. Sept. 22, 2016) ......................... 9, 10, 12

*Sportscare of Am., P.C. v. Multiplan, Inc.*,
   No. 10-4414, 2011 WL 589955 (D.N.J. Feb. 10, 2011) ........................................8

*Toys 'R' Us, Inc. v. Step Two, S.A.*,
   318 F.3d 446 (3d Cir. 2003) .................................................................................14

**Rules**

Fed. R. Civ. P. 12(b)(1).............................................................................................13

Fed. R. Civ. P. 12(b)(2).............................................................................................13

145867.00601/108161745v.1

## I.    INTRODUCTION

Par does not contest that the Court lacks general personal jurisdiction over defendants Donna Kohut, Travis McGrady, Mike Hartley and David Short (collectively "Added Defendants").  Thus, Par's sole argument is that the Court has specific personal jurisdiction over them.  With respect to that issue, Par concedes the Added Defendants' actions do not meet the requirements for specific personal jurisdiction pursuant to the *Calder* "effects" test relating to intentional torts.  Further, Par concedes that the Added Defendants' only contacts with New Jersey were at the behest of QuVa to discharge required work responsibilities there.  Despite that, Par still urges that specific jurisdiction in New Jersey over the added Defendants is present.  Par is wrong.  Par fails to allege facts sufficient to satisfy the "minimum contacts" necessary for establishing specific jurisdiction in New Jersey.  Instead, Par improperly conflates jurisdiction over QuVa with that of the Added Defendants and incorrectly asserts that the Added Defendants' limited travel to New Jersey to perform their job responsibilities as QuVa employees constitutes "purposeful availment" of the privileges of New Jersey law.

Because Par cannot avoid the substantial case law provided by the Added Defendants, Par instead pivots and recasts the dispute as a disagreement over application of the so-called "corporate shield" doctrine.  Par asserts that there has been a change in the law that mandates application of specific jurisdiction here.  This

1

argument has no basis in Third Circuit or New Jersey law.

At bottom, the Added Defendants' limited contacts with New Jersey to discharge their job responsibilities as QuVa employees simply do not satisfy the "minimum contacts" necessary for the Court to exercise specific jurisdiction over them consistent with due process. Accordingly, and for the reasons that follow, the Court should dismiss the First Amended Complaint (Dkt. No. 114) ("FAC") as to the Added Defendants.

## II.   ARGUMENT

### A.   The Added Defendants Have Not Purposefully Directed Any Activities at New Jersey or Purposefully Availed Themselves of the Benefits of New Jersey Law in Their Individual Capacities

#### 1.   Actions taken by QuVa do not provide specific jurisdiction over the Added Defendants

Par argues that the Added Defendants purposefully directed their activities at New Jersey. (Dkt. No. 189 at 6-10.)  But Par's Response and the FAC allege wrongdoing of **QuVa** in New Jersey as apparently supporting specific jurisdiction over the **Added Defendants**.  As a matter of black letter law, such allegations are insufficient to establish specific jurisdiction.

Par's Response and the FAC make clear that the activities Par complains of in New Jersey are those of QuVa, not the individual Added Defendants.  Par asserts that **QuVa** misappropriated Par's APS and EM plans (Dkt. No. 189 at 6), and then

█████████████████████████████████████████████████████

145867.00601/108161745v.1

████████████████████████████████████████████████

███████████████████████ (Id. at 7 (emphasis added).)  And Par admits the

Added Defendants took such actions because ████████████████████████

████████████████████████████████████████████████

████████████ (Id. (emphasis added); *see also* Dkt. No. 166-5 at ¶ 5.)  Likewise, Par

alleges in the FAC that it was "**QuVa's** strategy" to solicit Par employees, and

"**QuVa** incorporated the Trade Secrets from [Par's] confidential documents into its

own business and operations."  (Dkt. No. 114 at ¶¶ 42-43 & 45 (emphasis added).)

Actions taken by QuVa are plainly insufficient to support specific personal

jurisdiction over the Added Defendants.  *Keeton v. Hustler Magazine, Inc.*, 465 U.S.

770, at 781 n.13 (1984) (Jurisdiction over an employee "does not automatically

follow from jurisdiction over the corporation which employs him; . . . [e]ach

defendant's contacts with the Forum state must be assessed individually."); *Burger

King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("[A] defendant will not be haled

into a jurisdiction solely as a result of . . . 'the unilateral activity of another party or

a third person.'").

### 2.     Actions taken by the Added Defendants at the direction of QuVa and within the scope of their employment do not provide specific personal jurisdiction

In their Opening Brief, the Added Defendants showed that Par's allegations

in the FAC regarding their limited contacts with New Jersey alleged to confer

3

specific jurisdiction were made solely at the behest of QuVa and in the Added Defendants' capacity as QuVa employees to discharge their job responsibilities. (Dkt. No. 166 at 10; *see also* Dkt. No. 114 at ¶¶ 12, 13, 15, & 16.)  Par has not even tried to refute this fundamental fact, which is fatal to its argument that the Added Defendants should be subject to specific jurisdiction in New Jersey.

In fact, Par has affirmatively admitted this is the case.  Par's Response is peppered with statements showing that QuVa required the Added Defendants to take actions in New Jersey in furtherance of the set-up and operation of QuVa's New Jersey facility:



- ███████████████████████████ (Dkt. No. 189 at 7.)
- "[T]he Added Defendants acted in New Jersey on behalf of QuVa . . . ."  (Id. at 21.)
- ███████████████████████████ (Id. at 7.)
- "McGrady's ███████████████ . . . .""  (Id.)
- ███████████████████████ . . . ."  (Id.)
- Hartley ████████████████ (Id. at 8.)
- Kohut ██████████████ (Id. at 9.)
- ███████████████████████ . . . ."  (Id.)

As the Added Defendants explained in their Opening Brief (*see* Dkt. No. 166 at 8-12), there is substantial caselaw that an employee's performance of required job

responsibilities at the behest of an employer is insufficient to establish the "minimum contacts" necessary for specific personal jurisdiction.  *See, e.g.*, *MoneyGram Payment Sys., Inc. v. Consorcio Oriental, S.A.,* 65 F. App'x 844, 850 (3d Cir. 2003) (holding that individual defendants' contacts with New Jersey to open a bank account for the corporate defendant and then using that account in the scope of their employment to conduct business with the plaintiff was insufficient to support specific personal jurisdiction); *Bangura v. Pennrose Mgmt. Co.,* No. 09-4017, 2010 WL 2539419, at *3 (D.N.J. June 15, 2010) (holding that individual defendants' contacts with New Jersey as "a necessary part of their employment" with the corporate defendant and "for the purpose of fulfilling their professional responsibilities" were insufficient to establish specific jurisdiction); *Goodman v. Goodman,* No. 04-03869, 2010 WL 892156, at *6 (D.N.J. Mar. 5, 2010) (holding employees' conducting business in and travel to New Jersey on behalf of their employer did not establish personal jurisdiction over the employees); *Knierim v. Siemens Corp.*, No. 06-cv-4935, 2008 WL 906244, at *6-8 (D.N.J. Mar. 31, 2008) (holding that individual defendants' contacts with New Jersey in the day-to-day business operations of the corporate defendant were not sufficiently independent of the corporate defendant to provide the requisite "minimum contacts").

The logic of this extensive case law is irrefutable and applies strongly here. The Added Defendants' limited contacts with New Jersey solely for the purpose of

145867.00601/108161745v.1

fulfilling their job responsibilities at QuVa are precisely the type of fortuitous, random or attenuated contacts with a state that are inconsistent with the exercise of specific jurisdiction under the due process clause of the Fourteenth Amendment. *See Burger King*, 471 U.S. at 475. For example, it is undisputed that QuVa, not the Added Defendants, decided to operate a facility in New Jersey. But for that fortuitous act, an act over which the Added Defendants had no control, they would not have ***any*** contacts with New Jersey.

Par tries to distinguish *MoneyGram* by mischaracterizing it. Par suggests that *MoneyGram* is inapplicable because "the dispute centered on an agreement between plaintiff and the corporate defendant" that the individual defendants had signed in their corporate capacities. (Dkt. No. 189 at 20.) This is incorrect. *MoneyGram*, like the instant action, involved allegations of fraud and torts committed by individual defendants, and the alleged jurisdiction-conferring conduct involved the individual defendants opening a bank account in New Jersey on behalf of the corporate defendant and using that account in dealing with the plaintiff. *MoneyGram*, 65 F. App'x at 850.

Par next attempts to sidestep *Bangura*, *Goodman*, and *Knierim* by baldly stating that "none [of these cases] involve an employee committing intentional torts and breaching personal contracts while physically present in New Jersey." (Dkt. 189 at 21 & n.3.) This is again simply not true. These cases ***do in fact*** involve allegations

6

of misconduct taking place in the disputed forum.  *See Bangura*, 2010 WL 2539419 at *3 (the individual defendants contacted plaintiff in New Jersey and one of the them made four work-related visits to New Jersey); *Goodman*, 2010 WL 892156 at *2 ("Plaintiffs further assert that [the defendants] 'had repeated contact with the State of New Jersey, including various trips into and out of the State of New Jersey, including various trips into and out of the State of New Jersey for business purposes . . . .'"); *Knierim*, 2008 WL 906244 at *7 ("Raue and Hooper performed recruiting jobs within New Jersey alongside other Attwater recruiters," and "communicated with [the plaintiff], who [was] in New Jersey, several times each week"). In addition, despite Par's incorrect argument to the contrary, *Knierim did* involve allegations that the individual defendants committed intentional torts. *Knierim,* 2008 WL 906244, at *8-10.

Further, whether Added Defendants' cited cases involve intentional torts is beside the point.  Although the *Calder* "effects" test can be used to establish specific jurisdiction in cases involving intentional torts, the Third Circuit has recognized that "*Calder* [did not] carve out a special intentional torts exception to the traditional specific jurisdiction analysis . . . ."  *IMO Indus., Inc. v. Kiekert*, 155 F.3d 254, 265 (3d Cir. 1998).  Rather "the unique relations among the defendant, the forum, the intentional tort, and the plaintiff may under certain circumstances render the defendant's contacts with the forum—*which otherwise would not satisfy the*

7

*requirements of due process*—sufficient." *Id.* (emphasis added). Tellingly, Par does not even attempt to argue specific jurisdiction under the *Calder* "effects" test, which arguably sets a lower bar to establish specific jurisdiction. (*See* Dkt. No. 189 at 21 ("[T]here is no need for the Court to consider the alternate '*Calder* effects test.'").)[1]

Par further asserts that the Court has specific jurisdiction because two former Par employees (Rutkowski and Subramaniam) were allegedly improperly solicited by certain Added Defendants (Kohut, Hartley and/or Short) and now happen to be employed at QuVa's New Jersey facility. (Dkt. No. 189 at 5.). Par is incorrect.

Par cites no authority that supports exercise of specific jurisdiction under such circumstances. As explained in the Added Defendants' Opening Brief (Dkt. No. 166 at 8-9), Par's breach of contract claims in the FAC have no relationship whatsoever to New Jersey and Par offers no rebuttal on this point. Thus, Par's allegations of breach of contract provide no further basis to establish specific jurisdiction over the Added Defendants.

### 3.   Par's "corporate shield" argument fails

Lacking factual allegations sufficient to establish specific jurisdiction, Par sets up a strawman. Par argues that the Added Defendants assert that specific jurisdiction

---

[1] Par has waived the right to argue that the *Calder* "effects" test applies. *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. 10-4414, 2011 WL 589955, *1 (D.N.J. Feb. 10, 2011) ("In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue.")

automatically does not apply to them because of the "corporate shield" doctrine.  Par then asserts this doctrine has been abolished in the Third Circuit, and as a result, the Added Defendants are subject to specific jurisdiction in New Jersey.  (Dkt. 189 at 18-21.)  But Par has simply contorted the Added Defendants' argument.  As explained above, the Added Defendants' limited contacts with New Jersey in connection with discharging their job responsibilities as QuVa employees do not satisfy the "minimum contacts" standard necessary for the Court to exercise personal jurisdiction over them consistent with due process.  And both Added Defendants and Par agree the "minimum contacts" analysis is binding on the Court. (*Compare* Dkt. No. 189 at 4 *with* Dkt. No. 166 at 4.)  Thus, there is no specific jurisdiction over the Added Defendants, whether or not the ultimate conclusion of law is labeled a "corporate shield."

In addition, the "corporate shield" doctrine is still viable in the Third Circuit. For example, in *Selmani v. Kline*, No. 16-264, 2016 WL 5339574 (D.N.J. Sept. 22, 2016), a case cited by Par (Dkt. 189 at 19), the court stated that the "fiduciary shield" (corporate shield) doctrine is merely a recognition that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him," and the test is whether the *individual employee* has sufficient minimum contacts with the forum state.  2016 WL 5339574 at *3.

9

Thus, Par's suggestion (*see* Dkt. 189 at 18-19) that a single unpublished decision — *Flaghouse, Inc. v. ProSource Development, Inc*., 528 F. App'x 186 (3d Cir. 2013) — marks a controlling change in the law banishing the so-called "corporate shield" doctrine makes no sense.[2]   Far from abolishing the 'corporate shield' doctrine, the statement in *Flaghouse* relied upon by Par merely states that "there is no basis for the fiduciary shield [i.e., corporate shield] *to apply in this case*. (Dkt 189 at 18.) (emphasis added.)[3]   Thus, *Flaghouse* merely stands for the unsurprising proposition that application of a "corporate shield" is not mandatory.

Regardless, *Flaghouse* is distinguishable on its facts.  There, the defendant occupied a position of authority and control as the CEO of his company.  *Flaghouse*, 528 F. App'x at 188.  Also, Plaintiff's allegations of misrepresentation arose from a sales pitch meeting orchestrated by the CEO "at Flaghouse's place of business in New Jersey." *Id*.  Thus, like in *Calder*, the brunt of Plaintiff Flaghouse's harm was felt in its home state, New Jersey.  In contrast, the Added Defendants are undisputedly not corporate officers and do not exercise control over QuVa. (*See* Dkt. Nos. 166-2 at ¶ 1, 166-3 at ¶ 1, 166-4 at ¶ 1, & 166-5 at ¶ 1.)  Moreover, Par

---

[2] Moreover, *Flaghouse* is a non-precedential opinion and, thus, cannot signal a change in New Jersey or Third Circuit law.  *See Flaghouse*, 528 F. App'x at 186 ("This case was not selected for publication in the Federal Reporter.").

[3] Further, the continuing viability of the "corporate shield" doctrine is evident from the Third Circuit's discussion of it in *Cerciello v. Canale*, 563 F. App'x 924, 927-28 (3d Cir. 2014), a post-*Flaghouse* decision.

10

admits that the Defendants' travel to New Jersey was undertaken in their capacity as QuVa employees to discharge their job responsibilities to QuVa. (*See supra*, § II.A.2.) Finally, Par has not even tried to establish that it was significantly harmed in New Jersey by the acts of the Added Defendants. Thus, the Added Defendants' actions cannot be credibly equated with the individual defendant's actions in *Flaghouse*.

Curiously, although Par suggests that *Flaghouse* marks a shift in Third Circuit law, Par itself relies on decisions predating *Flaghouse* as alleged support for its position. (*See* Dkt. No. 189 at 19 (discussing *Schley v. Microsoft Corp.*, No. 08-3589, 2008 WL 5075266, at *13 (D.N.J. Nov. 24, 2008)); at 12 (discussing *Brown & Brown, Inc. v. Cola,* 745 F. Supp. 2d 588, 601-02 (E.D. Pa. 2010))*;* at 19-20 (quoting *Acteon, Inc. v. Vista Dental Products*, No. 05-3847, 2006 WL 1207999, at *3 (D.N.J. May 3, 2006)).) In any event, these cases are similarly unavailing to Par.

In *Schley*, the defendant communicated with plaintiff in New Jersey in a "concerted effort to engage the Plaintiff in New Jersey and to induce him to take specific actions that she knew would harm him in his home state." 2008 WL 5075266 at *12. As a result, the court found that the individual defendant's actions in New Jersey were not random or fortuitous, and that the individual defendant could foresee her actions in New Jersey would harm the plaintiff, a New Jersey resident, in New Jersey. *Id.* Here, Plaintiffs' allegations are that the Added Defendants

limited contacts with New Jersey were to perform required job responsibilities at QuVa's behest.  Furthermore, Par is not located in New Jersey.  (*See* Dkt. No. 114 at ¶¶ 6-7.)

Likewise, *Acteon* is inapplicable because the individual defendants were corporate officers alleged to have been "directly involved in directing Vista to take such actions complained of" and allegedly had been "taking an active part and providing the plans and decisions which affected [plaintiff's] actions."  2006 WL 1207999 at *4.  Par has made no such allegations here, and in addition, the Added Defendants are not corporate officers of QuVa.

Par's remaining cases are similarly of no help to Par's position because defendants in each instance were accused of individual behavior targeting the forum state—planning to set up a company in Pennsylvania (*Brown & Brown*, 745 F. Supp. 2d at 607-08) and orchestrating a plan in the jurisdiction in question (*Selmani*, 2016 WL 5339574 at *1).  The FAC and Par's Response are devoid of any such allegations against the Added Defendants.

*Brown & Brown* is further distinguishable because the individual defendant in that instance was accused of engaging in misconduct in Pennsylvania prior to the time he joined the corporate defendant.  745 F. Supp. 2d at 607 ("[Plaintiffs] argue that Tola [the individual defendant] began to plan and implement his defection from Plaintiffs to Doyle Alliance [the corporate defendant] and, in doing so, purposefully

12

availed himself of the privilege of doing business in Pennsylvania.").  In contrast, Par's allegations are confined to the Added Defendants' actions as employees of QuVa.  Moreover, in *Brown & Brown,* the court found specific jurisdiction was present based on application of the *Calder* "effects" test.  *Id.* at 608.  Par does not even attempt to apply that test here.  (Dkt. No. 189 at 21 n.4.)

### B.    The Merits of Par's Case Have No Bearing on the Question of Specific Jurisdiction

In its Response, Par argues at length that the Added Defendants' declarations "improperly rely on arguments that go to the *merits* of the case at the *Rule 12(b)(1)* motion to dismiss stage."  (Dkt. No. 189 at 14 (emphasis added); *see also* id. at 17.) This argument is a red herring.

First, the Added Defendants' Opening Brief (Dkt. 166) seeks dismissal of the FAC under Federal Rule of Civil Procedure 12(b)(2) and *not* 12(b)(1), as Par incorrectly asserts.  Second, setting aside the merits of the action, which is not at issue for a Rule 12(b)(2) motion, Par's Response fails to identify any disagreement over the relevant jurisdictional facts provided in the Added Defendants' declarations.  Par admits that (1) the Added Defendants are domiciled in Texas, and (2) the Added Defendants' contacts with New Jersey were at the behest of QuVa to discharge their job responsibilities.  (Dkt. No. 114 at ¶¶ 12-13 & 15-16; Dkt. No. 189 at 7-10.)  These undisputed facts are dispositive because, as explained above, they are insufficient to satisfy the "minimum contacts" required to establish specific

jurisdiction.

### C.    Jurisdictional Discovery Is Not Warranted

Par argues that, before the court dismisses for lack of personal jurisdiction, it has an unfettered right to conduct jurisdictional discovery.  (*See* Dkt. No. 189 at 22-23.)  Again, Par misstates the law.  In order to be entitled to jurisdictional discovery, a plaintiff must "present[] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state" as a "threshold showing."  *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); *Knierim*, 2008 WL 906244 *11-12.  The showing is more difficult where, as here, the Added Defendants are individuals. *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997); *Knierim*, 2008 WL 906244 at *12.

As discussed in the Added Defendants' Opening Brief (Dkt. 166) and further herein, Par has not presented factual allegations that suggest with reasonable particularity the existence of the required "minimum contacts" between the Individual Defendants and New Jersey to establish specific jurisdiction.  Thus, Par's request for jurisdictional discovery should be denied on that basis alone. *Rakoff v. St. Clair, CPAS, P.C.*, No. 12-5996, 2013 WL 1007330, at *9-10 (D.N.J. Mar. 12, 2013).

But even if Par had met its burden (and it has not), the discovery it seeks from the Added Defendants would be futile.  Par vaguely asserts that "there is even reason to believe that Defendants' misconduct extended even more deeply into New Jersey than Par is now aware" as its sole basis for obtaining jurisdictional discovery.  (Dkt. No. 189 at 24.)  Whatever Par's meaning, Par's discovery requests seek information concerning the Added Defendants' work responsibilities during their visits to QuVa in New Jersey.  (*See, e.g.*, Dkt. No. 193 Ex. 28 at Interrogatory No. 1 ("[A]ll facts relating to your current and past work responsibilities at QuVa's New Jersey facility, including any work you did at that facility, anyone working at that facility who reports to you, and anyone to whom you report at that facility."); *see also* id., Ex. Nos. 29, 31, 32, 34, 35, 40, & 41.)  Obtaining such information would not alter the jurisdictional analysis.  In other words, the discovery Par seeks would simply confirm facts that it already admits: that the Added Defendants' contacts with New Jersey are limited to those made at the behest of QuVa to perform QuVa job responsibilities.  Thus, Par's requests for jurisdictional discovery are unjustified, and should be denied.

## III.    CONCLUSION

For the foregoing reasons, and for the reasons stated in its Opening Brief (Dkt. No. 166), the Court should grant the Added Defendants' Motion to Dismiss the First Amended Complaint as to them.

15

Dated: May 14, 2018

*s/Stephen M. Orlofsky*
Stephen M. Orlofsky
David C. Kistler
New Jersey Resident Partners
Leigh Ann Buziak
**BLANK ROME LLP**
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-7700
Facsimile: (609) 750-7701
Orlofsky@BlankRome.com
Kistler@BlankRome.com
LBuziak@BlankRome.com

Jeffrey S. Ward
Wendy M. Ward
**GREEN GRIFFITH &**
**BORG-BREEN LLP**
8383 Greenway Blvd., Suite 600
Middleton, WI  53562
Telephone: (312) 883-8060
JWard@GreenGriffith.com
WWard@GreenGriffith.com

Emer Simic
**GREEN GRIFFITH &**
**BORG-BREEN LLP**
City Place
676 North Michigan Avenue,
Suite 3900
Chicago, IL 60611
Telephone: (312) 883-8017
ESimic@GreenGriffith.com

*Attorneys for Defendants QuVa*
*Pharma, Inc., Stuart Hinchen, Peter*
*Jenkins, Mike Rutkowski, Donna*
*Kohut, David Short, Travis McGrady,*
*and David Hartley*

16

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this date, I caused a copy of the foregoing Defendants

Donna Kohut, Travis McGrady, David Hartley, and David Short's Reply Brief in

Support of the Motion to Dismiss the First Amended Complaint Against Donna

Kohut, Travis McGrady, David Hartley, and David Short to be served upon all

counsel of record via the Court's ECF system.


Dated: May 14, 2018                          *s/Stephen M. Orlofsky*
                                             Stephen M. Orlofsky