# BLANKROME

300 Carnegie Center | Suite 220 | Princeton, NJ 08540
A Pennsylvania LLP | Stephen M. Orlofsky, New Jersey Administrative Partner
blankrome.com

*Phone:* (609) 750-2643
*Fax:* (609) 897-7291
*Email:* kistler@blankrome.com

February 13, 2018

**VIA FEDERAL EXPRESS**
Honorable Brian R. Martinotti
United States District Judge
Clarkson S. Fisher Building
 & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      Re:    **Par Pharmaceutical, Inc. v. QuVa Pharma, Inc.,** *et al.*
              **Civil Action No. 3:17-cv-06115-MAS-DEA**

Dear Judge Martinotti:

      On behalf of Defendants QuVa Pharma, Inc., Stuart Hinchen, Peter Jenkins, and Mike Rutkowski ("Defendants"), we write to respectfully request permission to file the attached Supplemental Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction pursuant to Local Rule 7.1(d)(6). Defendants' proposed Supplemental Brief addresses the arguments Plaintiffs have made regarding the effect of former employee Stephen Rhoades's deletion of documents from a thumb drive. The Court granted leave for Plaintiffs to file their supplemental brief on this issue this morning, and Defendants have not yet had the opportunity to address these arguments in any of the preliminary injunction briefing.

      Thank you for the Court's time and consideration. We look forward to the oral argument set for tomorrow morning.

                                Respectfully submitted,

                              *s/ David C. Kistler*

                              David C. Kistler

DCK/
Enclosures

    cc:    Counsel of Record (*via ECF and e-mail*)

**BLANK ROME LLP**
*A Pennsylvania LLP*
Stephen M. Orlofsky, Esquire
David C. Kistler, Esquire
Leigh Ann Buziak, Esquire
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-7700
Facsimile: (609) 750-7701
Orlofsky@blankrome.com
Kistler@blankrome.com
LBuziak@blankrome.com
*Attorneys for Defendants*

**MERCHANT & GOULD P.C.**
Jeffrey S. Ward (*admitted pro hac vice*)
Wendy M. Ward (*admitted pro hac vice*)
Stephen R. Howe (*admitted pro hac vice*)
Emily M. Wessels (*pro hac vice pending*)
10 E. Doty Street, Suite 600
Madison, WI  53703
Telephone:  (608) 280-6751
Facsimile:  (612) 332-9081
JWard@MerchantGould.com
WWard@MerchantGould.com
SHowe@MerchantGould.com
EWessels@MerchantGould.com
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., and PAR STERILE PRODUCTS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> QUVA PHARMA, INC., STUART HINCHEN, PETER JENKINS, MIKE RUTKOWSKI, DONNA KOHUT, DAVID SHORT, STEPHEN RHOADES, TRAVIS MCGRADY and DAVID HARTLEY, <br><br> Defendants. | Civil Action No. 3:17-cv-06115-BRM-DEA <br><br> *Filed Electronically* <br><br> **HIGHLY CONFIDENTIAL** |

**DEFENDANTS' SUPPLEMENTAL BRIEF
IN OPPOSITION TO PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

I.   INTRODUCTION………………………………………………………… 1

II.  STATEMENT OF FACTS……………………………………………… 2

    A.   Mr. Rhoades Did Not Misappropriate Par Confidential Information when he went to QuVa………………………………… 2

    B.   Mr. Rhoades Deleted the Documents on his Own, Unbeknownst to Anyone Else……………………………………… 4

III. ARGUMENT…………………………………………………………… 7

    A.   Par Fails to Meet the Legal Standard Required for the Imposition of Sanctions……………………………………………. 7

    B.   There is No Legal of Factual Basis to Impute Rhoades' Acts to the other Defendants, or Grant the Preliminary Injunction…………. 9

    C.   Par Raises Misplaced Arguments That Are Irrelevant to the Issue of Spoliation Sanctions……………………………………… 12

    D.   The Deletion of Documents by Mr. Rhoades did not Prejudice Par………………………………………………………………….. 15

IV.  CONCLUSION………………………………………………………... 15

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Builders & Contrs. Supply Co. v. Roofers Mart, Inc.*,
No. 122-cv-19, 2012 U.S. Dist. LEXIS 101842 (E.D. Mo. July 20,
2012) ...................................................................................................................10

*Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*,
256 F. Supp. 2d 249 (D.N.J. 2003) ......................................................................8

*Gemsa Enters., LLC v. Specialty Foods of Ala., Inc.*,
No. 13-cv-729, 2015 U.S. Dist. LEXIS 189302 (C.D. Cal. Feb. 10,
2015) ...............................................................................................................7, 10

*GN Netcom, Inc. v. Plantronics, Inc.*,
No. 12-cv-1318, 2016 U.S. Dist. LEXIS 3792833 (D. Del. July 12,
2016) ...................................................................................................................14

*Gurvey v. Fixzit Nat'l Install Servs.*,
No. 06-cv-1779, 2011 U.S. Dist. LEXIS 12835 (D.N.J. Feb. 8,
2011) .....................................................................................................................8

*Moody v. CSX Transp., Inc.*,
No. 07-cv-6398P, 2017 WL 4173358 (W.D.N.Y. Sept. 21, 2017) ..............13, 14

*Nucor Corp. v. Bell*,
251 F.R.D. 191 (D.S.C. 2008) ............................................................7, 8, 9, 10

*Toppan Photomasks, Inc v. Park*,
No. 13-cv-03323, 2014 U.S. Dist. LEXIS 74063 (N.D. Cal. May
29, 2014) .............................................................................................................15

**Other Authorities**

Fed. R. Civ. P. 37 ......................................................................................................7

Restatement (Second) of Agency §§ 219, 220…………………..………………8

145867.00601/106628553v.1

## I. INTRODUCTION

Defendants submit this Supplemental Response Brief to provide crucial and legally-determinative evidence from the deposition of Stephen Rhoades that Plaintiffs misleadingly omitted from their Supplemental Brief in Support of their request for a Preliminary Injunction. (Dkt. 139-1.) Plaintiffs allegedly sought the Rhoades deposition before the preliminary injunction hearing to question Mr. Rhoades about his decision to delete files from his personal thumb drive after he received the litigation hold notice in this case. But, *when Mr. Rhoades clearly and unambiguously testified that he acted alone and none of the other Defendants knew about his actions*, Plaintiffs made the dubious decision not to disclose this evidence to the Court. Plaintiffs' lack of candor demonstrates, yet again, the weakness of Plaintiffs' case.

The actual evidence – as opposed to Plaintiffs' "creative writing" – shows that: (1) Mr. Rhoades received and reviewed the litigation hold notice in this case, which clearly covered any Par documents stored on thumb drives; (2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (4) QuVa first learned of the existence of the thumb drive and deletion of the documents on December 9, 2017, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

1

An adverse inference is not warranted because Mr. Rhoades was not acting as an agent of any other Defendant, or within the scope of his employment, when he deleted the files from the thumb drive. Rather, he wanted "[t]o simply be able to say that [he] did not have any Par materials in [his] possession." Despite Plaintiffs' salacious storytelling, this is not a case where Mr. Rhoades vanished into the night with Par trade secrets to later use them at QuVa. Mr. Rhoades made a mistake in taking a thumb drive containing Par documents. He compounded that mistake by not telling anyone about the thumb drive during expedited discovery and later deciding on his own to delete documents from the thumb drive in violation of the hold. Mr. Rhoades has owned up to his mistake and has suffered consequences, including the termination of his employment by QuVa. There is no legal basis, however, to impute Mr. Rhoades's actions to any of the other Defendants.

For these reasons and as explained at greater length below, Mr. Rhoades's conduct has no bearing on Plaintiffs' request for a preliminary injunction.

## II.  STATEMENT OF FACTS

### A.  Mr. Rhoades Did Not Misappropriate Par Confidential Information when he went to QuVa.

Mr. Rhoades joined QuVa as the Director Corporate Sterility Assurance, on October 26, 2015. (Ex. 420, Declaration of Stephen Rhoades ("Rhoades Decl."), at ¶¶14-16.) His responsibilities included overseeing the sterility of QuVa's manufacturing process for its aseptic products and developing plans and programs

to ensure that sterility. (Id. at ¶¶17-29.) Mr. Rhoades was not an executive level employee at QuVa, though Par distorts the significance of his title as a "Director." (See Dkt. 139-1 at 3, 1.) Mr. Rhoades testified that he took the job at QuVa because it was a promotion, and he wanted to reduce his 160 mile round-trip commute to and from work every day. (Ex. 420, Rhoades Decl. at ¶11.)

Mr. Rhoades gave two weeks' notice to Par on October 5, 2015, and he informed his superiors that he was leaving to take a job with another company in sterility assurance. (Id. at ¶15.) At that time, Mr. Rhoades had a personal thumb drive that he used both during his previous employment as a consultant at Lexamed and during his employment at Par. (Ex. 451, Transcript of Deposition of Stephen Rhoades, dated February 9, 2018, ("Rhoades Tr.") at 15:21-16:12.) On the same day he gave notice to Par, Mr. Rhoades testified that he downloaded certain Par documents to the thumb drive he used for years to give them to Guy Thompson, who would be taking over Mr. Rhoades's responsibilities at Par. (Id. at 71:24-72:11.) Mr. Rhoades retained the thumb drive, which still included the Par documents he provided to Mr. Thompson when he went to work at QuVa.

During expedited discovery, QuVa produced from Mr. Rhoades's files two documents that QuVa now understands were from the thumb drive: (1) the Aseptic Process Simulation ("APS") Master Plan for Par's Rochester, Michigan site and (2) training slides for an Aseptic Gown Qualification and Annual Requalification

3

Program. (Ex. 420, Rhoades Decl. at ¶11.) Mr. Rhoades's previous declaration in this case acknowledges using these two documents while at QuVa (which QuVa admits), but he explained in detail that he did not believe these documents contained any Par confidential information. (Ex. 420, Rhoades Decl. at ¶¶19-30.) Further, Mr. Rhoades stated at his deposition that he did not send any other Par documents to QuVa during his employment at QuVa. (Ex. 451, Rhoades Tr., at 19:25-21:20.)

**B.      Mr. Rhoades Deleted the Documents on his Own, Unbeknownst to Anyone Else.**

Par filed the original Complaint in this case on August 14, 2017. (Dkt. 1.) Mr. Rhoades was not named as a defendant in the original Complaint. QuVa drafted and circulated a Document Retention Notice 

5



145867.00601/106628553v.1

■ ▬▬▬

(Ex. 451, Rhoades Tr., at 151:2-18 (emphasis added); 145:14-20 (emphasis added); see also id. at 28:7-15.)

Mr. Rhoades stated that he began to feel "anxiety" about having the thumb drive with Par documents in November 2017, after Par filed its preliminary injunction brief, and he decided to delete the files "to avoid any sort of involvement with the case itself." (Id. at 41:1-17.) On November 22, 2017, Mr. Rhoades saved some files on his computer from his thumb drive, and he then deleted the Par documents on the thumb drive. (Id. at 40:1-25; 43:21-45:7.) At the time of the deletion, Mr. Rhoades believed (incorrectly) that the Document Retention Notice was specific to vasopressin, and thus he was doing nothing wrong in deleting the documents. (Id. at 41:18-43:16.) Mr. Rhoades deleted the Par documents from his personal computer a few days later "[t]o simply be able to say that [he] did not have any Par materials in [his] possession." (Id. at 47:23-48:10.)

On December 6, 2017, Mr. Rhoades re-read the Document Retention Notice, and he realized it applied to Par documents, not just vasopressin-related documents.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

145867.00601/106628553v.1

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████

Just a few days later, Defendants sent a letter to Plaintiffs on December 13, 2017, notifying them of Mr. Rhoades's thumb drive and the deletion of the files. (Ex. 429.) QuVa subsequently fired Mr. Rhoades on December 15, 2017 for violating the Document Retention Notice. (Id. at 57:23-58:4.) ████████████████████

███████████████████████████████████████████

████████████████████████████

### III. ARGUMENT

#### A. Par Fails to Meet the Legal Standard Required for the Imposition of Sanctions.

"The party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim." *Gemsa Enters., LLC v. Specialty Foods of Ala., Inc.*, No. 13-cv-729, 2015 U.S. Dist. LEXIS 189302, at *15 (C.D. Cal. Feb. 10, 2015) (citation omitted). The court's ability to impose sanctions for spoliation stems from its inherent power to control the judicial process and Fed. R. Civ. P. 37. *Id.* at *15-16. The court has "broad discretion in choosing an appropriate sanction for spoliation," but the sanction should be limited to that necessary to address the conduct at issue. *Nucor Corp. v. Bell*, 251 F.R.D. 191, 194 (D.S.C. 2008); *see also*

*Gurvey v. Fixzit Nat'l Install Servs.*, No. 06-cv-1779, 2011 U.S. Dist. LEXIS 12835, at *14 (D.N.J. Feb. 8, 2011) ("[I]t would serve no sensible purpose to punish innocent co-defendants" for spoliation of others.).

General agency principles govern an employer's responsibility for spoliation committed by its employee, but the employee's spoliation is imputed to the employer only if the employee was "acting in the scope of their employment." *Carpet Grp. Int'l v. Oriental Rug Imps. Ass'n*, 256 F. Supp. 2d 249, 280 (D.N.J. 2003) (quoting the Restatement (Second) of Agency § 219)); *see also Nucor*, 251 F.R.D. at 196 ("An employer is liable for any acts committed by employees acting within the scope of their employment."). In determining if an employee's actions are within the scope of employment, courts in this District require that the conduct "[1] is of the kind he is employed to perform; [2] occurs substantially within the authorized time and space limits; [and] [3] is actuated, at least in part, by a purpose to serve the master." *Carpet Grp.*, 256 F. Supp. 2d at 281 (quoting the Restatement (Second) of Agency § 220)).

### B. There is No Legal or Factual Basis to Impute Rhoades' Acts to the other Defendants, or Grant the Preliminary Injunction.

Par provides no reason to impute Rhoades's actions to any of the Defendants. As shown below, the evidence is clear that Rhoades was not acting as an agent of any other Defendants when he deleted the Par files. Clearly, Rhoades was not acting within the scope of his employment. Mr. Rhoades's responsibilities at QuVa were to manage sterility assurance for QuVa's manufacturing lines, not to determine what

8

documents needed to be deleted.

Plaintiffs claim, without support, that Defendants were "told on August 17, 2017 that Rhoades possessed Par confidential information" (Dkt. 139-1 at 14); Defendants violated their discovery obligations (id. at 10); and Defendants failed to take the necessary steps to prevent deletion of the Par files (id. at 14-15). These claims are all blatantly contrary to the record, and Par knows it. Mr. Rhoades testified that: ██████████████████ ██████████████████████ (2) Rhoades received and reviewed the Document Retention Notice (id. at 145:14-20; 151:2-18); (3) ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████; and (5) Defendants immediately fired Rhoades for violating the Document Retention Notice and notified Plaintiffs of the potential spoliation (id. at 57:23-58:4; Ex. 429.). Thus, Plaintiffs are aware of specific information that refutes the arguments in their brief. ***But they chose not to present this information to the Court.***

Like this case, the *Nucor* case involved alleged spoliation by one of defendant's employees who was accused of trade secret misappropriation and had destroyed a thumb drive containing plaintiff's documents. 251 F.R.D. at 192.

9

Applying general agency principles, the court refused to impute the employee's intentional destruction of the thumb drive to the defendant employer. *Id.* at 196. Specifically, the court held the employee was not acting within the scope of his employment in destroying the drive because: (1) the employee's testimony did not compel an inference he was trying to protect the employer, but only trying to protect himself; (2) the employee had not disclosed the drive's existence to the employer; and (3) the employee had not consulted with the employer about discarding the drive. *Id.; see also Am. Builders & Contrs. Supply Co. v. Roofers Mart, Inc.*, No. 122-cv-19, 2012 U.S. Dist. LEXIS 101842, at *17-21 (E.D. Mo. July 20, 2012).

Likewise, in *Gemsa Enters., LLC v. Specialty Foods of Ala., Inc.*, No. 13-cv-729, 2015 U.S. Dist. LEXIS 189302 (C.D. Cal. Feb. 10, 2015), the Court rejected plaintiff's request to impute an employee's spoliation to his defendant employer. *Id.*, at *29. The court determined the employee's actions in deleting emails were outside the scope of his employment because: (1) the deletion was a reason for the employee's termination; (2) the employer tried to recapture files between discovering the employee was deleting files and terminating him; and (3) the deletion occurred without the employer's knowledge or permission. *Id.*, at *30.

As in *Nucor*, Mr. Rhoades acted in his own self-interest (not that of his employer) and no other Defendant (including QuVa) had knowledge of either the drive or the deletion of documents. As in *Gemsa*, Mr. Rhoades was terminated as a

10

result of his actions and his former employer immediately made efforts to recapture any deleted information. Following the reasoning of these cases should lead to the same result here: a finding that Rhoades's actions should not be imputed to the other Defendants.

Moreover, evidence produced in discovery supports the testimony of Mr. Rhoades. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ which demonstrates Mr. Rhoades was telling the truth. (See Exs. 53, 54.)

Finally, Defendants are in possession of information covered by attorney-client privilege and work product immunity that corroborates Mr. Rhoades's testimony that he did not inform outside counsel that he had the thumb drive. After reviewing Plaintiffs' supplemental brief, which contains misleading statements regarding Defendants' knowledge, Defendants offered to produce this document to Par on the condition that such production would not result in a waiver of privilege.

Par refused to accept the information unless Defendants agreed to additional conditions unrelated to Mr. Rhoades.[1]

### C. Par Raises Misplaced Arguments That Are Irrelevant to the Issue of Spoliation Sanctions.

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ a number of red herring arguments. Defendants address each of these misguided arguments below:

FDA Approval – Plaintiffs incorrectly argue that QuVa needed Par's information to avoid being shut down by the FDA. (Dkt. 139-1 at 3-4.) First, this argument is wrong. ████████████████████████████

████████████████████████████████

Moreover, the information in the two Par documents Mr. Rhoades circulated (the APS Master Plan and Aseptic Gowning slides) is common sense and boilerplate language, and is not Par's trade secrets. Second, this argument is misplaced. It has nothing to do with whether Mr. Rhoades's actions should be imputed to the other Defendants. It is an attempt by Plaintiffs to argue the merits of their case in a brief purporting to address spoliation.

Rhoades's Access and Use of the Par Documents – Plaintiffs complain that

---

[1] Defendants are willing to provide this information to the Court for *in camera* review, if the Court would find such information helpful in resolving the issues raised in Par's Supplemental Brief.

12

they were not allowed to question Mr. Rhoades on the subjects of his access and use of Par documents during the deposition. (Dkt. 139-1 at 8.) Again, these questions go to the merits of Par's case. The magistrate made clear that the deposition was limited to spoliation issues, not merits issues. (Dkt. 129.) Thus, Mr. Rhoades was instructed not to answer merits questions during the deposition.



Mr. Rhoades's Job Title – Plaintiffs' argument that Rhoades's job title as Director of Sterility Assurance was "sufficiently high so as to impute to his intent to QuVa" is flat-out wrong. (Dkt. 139-1 at 12.) Not surprisingly, neither of Plaintiff's cited cases supports their argument. Indeed, *Moody v. CSX Transp., Inc.* discusses the exclusion of an expert witness on the issue of whether a freight train needs to sound a bell or horn; the status of the employee or imputation of intent to the company was not discussed at all. See No. 07-cv-6398P, 2017 WL 4173358

13

(W.D.N.Y. Sept. 21, 2017). The other case involved a company-wide directive by a member of the 12-person executive committee to delete emails "for purposes of protecting the business." *GN Netcom, Inc. v. Plantronics, Inc.*, No. 12-cv-1318, 2016 U.S. Dist. LEXIS 3792833 (D. Del. July 12, 2016). Here, there is no evidence any Defendants instructed Rhoades to delete documents.

Mr. Rhoades's Salary – Plaintiffs make an issue of Mr. Rhoades salary at QuVa. (Dkt. 139-1 at 3.) This issue has nothing to do with potential spoliation, and again, is a bald attempt by Plaintiffs to argue the merits of their (incorrect) allegations on solicitation.

Payment of Mr. Rhoades's Attorney – Plaintiffs imply Mr. Rhoades's actions should be imputed to the other Defendants because QuVa is paying Mr. Rhoades's attorneys' fees. (Dkt. 139-1 at 14.) Plaintiffs cite no case to support this misguided position. Nor does it prove anything -- Plaintiffs are attempting to impute Mr. Rhoades's actions to QuVa; clearly, QuVa has an interest in making sure he has appropriate legal representation.

The DropBox Argument – Plaintiffs allege that Mr. Rhoades' computer may have accessed DropBox at some point in time. (Dkt. 139-1 at 9.) But Plaintiffs cite no evidence that any Par documents were uploaded to DropBox. Further, Mr. Rhoades testified he did not use DropBox during this litigation and never put any Par documents on DropBox. (Ex. 451, Rhoades Tr. at 19:12-18; 66:13-67:19.)

14

<u>Defendants' Interrogatory Responses</u> – Par states that QuVa's interrogatory responses regarding Rhoades' spoliation are deficient and that the parties are meeting and conferring on this issue. (Dkt. 139-1 at 5.) Par is wrong. First, Par's brief is the first time QuVa heard that Par was not satisfied with QuVa's responses. Second, Plaintiffs' interrogatories both sought privileged information and were overbroad. Defendants rightfully responded with these objections.

### D.   Mr. Rhoades's Deletion of Documents did not Prejudice Par.

Finally, regardless of whether Mr. Rhoades's actions should be imputed to the other Defendants, the Court should decline to impose an adverse inference because there is no prejudice to Plaintiffs. *See Toppan Photomasks, Inc. v. Park*, No. 13-cv-03323, 2014 U.S. Dist. LEXIS 74063 (N.D. Cal. May 29, 2014). As Plaintiffs acknowledge, many of the documents that Mr. Rhoades deleted "were still recoverable through computer forensics." (Dkt. No. 139-1 at 7.) Moreover, Mr. Rhoades's Par computer contains all relevant information, including what documents were downloaded and when; that computer is in Par's possession.

## IV.   CONCLUSION

For the reasons stated herein, Defendants request that the Court deny Plaintiffs' Motion for a Preliminary Injunction.

| | |
|---|---|
| Dated: February 13, 2018 | *s/ David C. Kistler* |

David C. Kistler
Stephen M. Orlofsky
Leigh Ann Buziak
**BLANK ROME LLP**
300 Carnegie Center, Suite 220
Princeton, NJ 08540
Telephone: (609) 750-7700

Jeffrey S. Ward (*pro hac vice*)
Wendy M. Ward (*pro hac vice*)
Stephen R. Howe (*pro hac vice*)
Emily M. Wessels (*pro hac vice pending*)
**MERCHANT & GOULD, P.C.**
10 East Doty Street, Suite 600
Madison, WI 53703
Telephone (608) 280-6750
*Attorneys for Defendants*